IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY DREW AUTRY, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-CV-2088-N (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
| Respondent. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should DISMISS the petition.

On April 13, 2004, Petitioner pleaded guilty to two cases of sexual assault of a child. *State of Texas v. Bobby Drew Autry*, Nos. F-0325714-U and F-0325713-U (283rd Jud. Dist. Ct., Dallas County, Tex., Apr. 13, 2004). The court sentenced him to ten years deferred adjudication probation. On February 11, 2011, the court revoked Petitioner's probation and sentenced him to life in prison in both cases. On May 29, 2012, the Fifth District Court of Appeals affirmed.

1

*Autry v. State*, Nos. 05-11-00217-CR and 05-11-00218-CR, 2012 WL 1920900 (Tex. App. – Dallas May 29, 2012, no pet.).

On July 2, 2014, Petitioner filed two state habeas petitions. *Ex parte Autry*, Nos. 81,972 -02 and -03. On October 1, 2014, the Court of Criminal Appeals denied the petitions without written order. On July 27, 2014, Petitioner filed a third state habeas petition. *Ex parte Autry*, No. 81,972-04. On January 13, 2016, the Court of Criminal Appeals denied the petition without written order. On November 6, 2016, Petitioner filed a fourth state habeas petition. *Ex parte Autry*, No. 81,972-08. On January 11, 2017, the Court of Criminal Appeals dismissed the petition as subsequent.

On August 3, 2017, Petitioner filed the instant § 2254 petition. He argues:

1. He is actually innocent;

2. The court breached the plea agreement when it modified the agreement;

3. He was falsely imprisoned; and

4. He received ineffective assistance of counsel during the revocation.

Petitioner also filed a motion for summary judgment, (ECF No. 25), and a motion to rehear his motion for summary judgment, (ECF No. 19), which motions are based on the same grounds as the petition.

2

II.

## A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner challenges his revocations. On May 29, 2012, the Fifth District Court of Appeals affirmed the revocations. Petitioner did not file a petition for discretionary review. His revocations therefore became final thirty days later on June 28, 2012. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until June 28, 2013, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On July 2, 2014, Petitioner filed his first two state habeas petitions. These petitions were filed after the AEDPA limitations period expired, they therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by June 28, 2013. He did not file his petition until August 3, 2017. His petition is therefore untimely.

**B.     Actual Innocence**

Petitioner claims he is actually innocent of the probation violations. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of

4

limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, must submit new evidence and "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. Although he argues he did not drink alcohol or take unlawful drugs in violation of his conditions of probation, he raised these arguments during his revocation hearing. He has failed to submit any new evidence to support his claims. (ECF No. 13-5 at 57-76.) Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

## C.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of

proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not alleged that he was misled about his habeas remedies or prevented in some extraordinary way from filing his petition. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

III.

For the reasons stated, the petition for a writ of habeas corpus should be DISMISSED with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d). Further, Petitioner's motion for summary judgment, (ECF No. 25), and motion to rehear motion for summary judgment, (ECF No. 19), should be DENIED.

Signed May 7 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).